**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 6, 2006[*]
Decided April 26, 2006

**Before**

Hon.  WILLIAM J. BAUER, *Circuit Judge*

Hon.  RICHARD A. POSNER, *Circuit Judge*

Hon.  DIANE P. WOOD, *Circuit Judge*

No. 05-3582

| | |
|---|---|
| ZONG LOR, *Petitioner-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-C-0685 |
| LARRY JENKINS, *Respondent-Appellee.* | Lynn Adelman, *Judge.* |

**O R D E R**

Wisconsin prisoner Zong Lor filed a petition under 28 U.S.C. § 2254 claiming that he was denied his Sixth Amendment rights to confrontation and to the effective assistance of counsel at his trial.  The district court denied the petition and Lor now appeals.  We affirm.

Lor was arrested and charged with first-degree murder and first-degree attempted murder after he participated in a gang-related drive-by shooting.  Meng Vang, a 15-year-old passenger in the car with Lor, testified at a preliminary hearing that he saw Lor reaching through an open window with a gun in his hand and heard him say he was shooting at rival gang members.  The other passengers denied

---

[*]   After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

knowing who fired the shots, and the victim and a bystander were unable to identify Lor as the shooter.

Before trial the state served Vang's father with a subpoena that identified Vang by his name and birthdate. The state also contacted Vang by telephone one week before trial to remind him to appear. During that telephone conversation Vang stated that he "would probably come with his parents." But Vang did not show up on the day of trial. Vang's father was brought to court and questioned; he said he showed the subpoena to Vang but did not know his son's whereabouts. The court issued a warrant for Vang, but police officers were unable to locate him. That afternoon, Lor's counsel stipulated to Vang's unavailability, and the prosecutor successfully moved to admit Vang's preliminary-hearing testimony under Wisconsin Statute 908.04(1)(e) (outlining hearsay exception where declarant is unavailable). A jury ultimately found Lor guilty of the lesser-included offenses of being a party to first-degree reckless homicide and first-degree recklessly endangering safety.

Lor filed a state postconviction motion and presented two claims relevant here: that admitting Vang's prior testimony violated his rights under the Confrontation Clause and that his trial counsel was ineffective for stipulating to Vang's unavailability. The trial court denied the motion, and the state court of appeals affirmed. *State v. Lor*, No. 00-2724-CR (Wis Ct. App. Aug. 23, 2001) (unpublished decision). The appellate court reasoned that the state made a good-faith effort to secure Vang's attendance at trial, and that Lor's counsel was not ineffective for stipulating to Vang's unavailability. *Id.* at 4-5. Lor raised only his Confrontation Clause claim in his unsuccessful petition to the state supreme court for discretionary review.

Lor filed this § 2254 action after the conclusion of his state-court proceedings, arguing, as relevant here, that his confrontation rights were violated when the trial court admitted Vang's preliminary-hearing testimony, and that his trial counsel was ineffective for stipulating to Vang's unavailability. The district court denied relief, explaining that the state appellate court had reasonably applied the holdings of *Ohio v. Roberts*, 448 U.S. 65 (1980), and *Barber v. Page*, 390 U.S. 719 (1968), in denying Lor's confrontation claim. The district court also concluded that Lor procedurally defaulted his ineffective-assistance claim because he did not include it in his petition for discretionary review to the state supreme court. The district court later granted a certificate of appealability solely on the Confrontation Clause claim.

The district court correctly recognized that *Roberts* and *Barber* are the controlling decisions.** *Roberts* holds that prior testimony may be admitted

---

** *See Bintz v. Bertrand*, 403 F.3d 859, 865-67 (7th Cir. 2005) which holds

(continued...)

consistent with the Confrontation Clause if the declarant is unavailable and the testimony is sufficiently reliable, 448 U.S. at 65, and *Barber* adds that the party seeking to introduce the prior testimony must have made a good-faith effort to secure the presence of the declarant, 390 U.S. at 724-25; *Lowery v. Anderson*, 225 F.3d 833, 839-40 (7th Cir. 2000); *Burns v. Clusen*, 798 F.2d 931, 937 (7th Cir. 1986). Good faith, in turn, requires diligent and reasonable measures to obtain the declarant's presence. *United States v. Reed*, 227 F.3d 763, 767 (7th Cir. 2000); *Lowery*, 225 F.3d at 840. Here the state appellate court concluded that the prosecution "exerted a good faith effort" and used "reasonable means at its disposal" to secure Vang's presence, and although the court did not cite federal decisions, its analysis tracks the relevant inquiry under *Roberts* and *Barber*.

Lor does not dispute the reliability of Vang's prior testimony.[***] Rather he argues that the state was compelled to make a greater effort to secure Vang's presence for trial because of the seriousness of the charges and Vang's status as a key witness. Moreover, Lor contends, Vang's statement that he "would probably come with his parents" should have alerted the prosecution that there was a chance he would not appear. According to Lor, the state should have taken alternative measures to ensure Vang's attendance, including warning him of the consequences of failing to appear, detaining him until trial, assigning police officers to monitor his movement, or seeking a continuance when Vang did not appear. Lor points out that other circuits interpret "reasonableness" to require more intensive efforts for serious crimes or key witnesses, *see Cook v. McKune*, 323 F.3d 825, 835-36 (10th Cir. 2003) (Confrontation Clause concerns are heightened and courts insist on greater diligence by the prosecution where key or crucial witness testimony is involved); *McCandless v. Vaughn*, 172 F.3d 255, 266 (3d Cir. 1999) (same), but these decisions simply attempt to elucidate the "good faith" requirement of *Roberts* and *Barber*. Our review, however, is limited to asking whether the state court's application of *Roberts* and *Barber* lies "well outside the boundaries of permissible differences of opinion," *see*

---

[**](...continued) that *Crawford v. Washington*, 541 U.S. 36 (2004) (holding that earlier testimony is only admissible if the defendant had a prior opportunity to cross-examine), is not retroactive.

[***] In *Roberts*, the Court held that reliability is established for confrontation purposes if the prior testimony would be admissible under a "firmly rooted" exception to the hearsay rule. 448 U.S. at 66. The "reliability" prong of *Roberts* was overruled however by *Crawford v. Washington*, 541 U.S. 36 (2004). That decision holds that prior testimony can be deemed "reliable" only if it was given subject to cross-examination. 541 U.S. at 53-54. We recently held that *Crawford* is not retroactive, *see Bintz,* and so *Roberts* continues to govern in this case.

*Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)*; see also* 28 U.S.C. § 2254(d)(1), and we cannot say that the Wisconsin state court's interpretation of those cases is so far afield from our own understanding as to be an unreasonable application of federal law. *See Christie v. Hollins*, 409 F.3d 120, 125 (2d Cir. 2005) (holding that counsel was diligent in trying to secure traveling witness where counsel contacted witness's parent, agent, and friend.); *United States v. Hite,* 364 F.3d 874, 882-83 (7th Cir. 2004) ((concluding that talking solely to family members despite other available means to locate witness was not good-faith effort), *vacated on other grounds,* 543 U.S. 1103 (2005); *United States v. Ochoa*, 229 F.3d 631, 637-38 (7th Cir. 2000) (holding that FBI agent's attempts over several days to locate a witness that involved speaking to his employer, his landlord, and to others constituted a good-faith effort); *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1086 (9th Cir. 2000) (holding that prosecutor who never tried to contact out-of-country witness despite having his name and address did not make a good-faith effort). Thus the district court correctly concluded that the Wisconsin state court did not unreasonably apply federal law.

AFFIRMED.